**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHENITA S. BINNS,
       Appellant,

    v.

DEPARTMENT OF VETERANS
   AFFAIRS,
       Agency.

DOCKET NUMBER
CB-7121-24-0005-V-1

DATE: February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Shenita S. Binns</u>, Lithia Springs, Georgia, pro se.

<u>Winnie Reaves</u>, Esquire, Winston-Salem, North Carolina, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a request for review of an arbitrator's decision that denied her grievance concerning her removal. For the reasons set forth below, the appellant's request for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.155(b).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was formerly a Program Specialist with the agency.  Request for Review (RFR) File, Tab 1 at 1.  On December 5, 2023, the Washington Regional Office issued an initial decision in *Binns v. Department of Veterans Affairs*, MSPB Docket No. DC-1221-23-0687-W-1, wherein it referred two pleadings submitted in that matter to the Office of the Clerk of the Board (Clerk's Office) for docketing as a request for review of an arbitration decision.  RFR File, Tab 3 at 1.  Accordingly, the Clerk's Office docketed the appellant's August 26, 2023 initial appeal form in MSPB Docket No. DC-1221-23-0687-W-1 as a request for review of an arbitration decision.  RFR File, Tab 1.  The arbitration decision, dated June 30, 2023, denied the appellant's grievance and affirmed her August 2022 removal from Federal service.  RFR File, Tab 2 at 4-59.  Upon docketing the instant request for review, the Clerk of the Board issued an acknowledgment order in December 2023 advising the appellant, among other things, that her request for review appeared to be untimely.  RFR File, Tab 3 at 3.  It ordered her to file evidence and argument to prove that her request for review was timely or that there was good cause for her delayed filing.  *Id*.  It also ordered her to supplement her request for review to comply with the Board's requirements at 5 C.F.R. § 1201.155(d).  *Id.* at 2.  In relevant part, the appellant was ordered to file a copy of the agency's removal decision.  *Id.*; *see* 5 C.F.R. § 1201.155(d)(4).  The appellant did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

A request for review must be filed within 35 days of the date of issuance of the arbitrator's decision, or, if the appellant received the arbitrator's decision more than 5 days after it was issued, within 30 days after she received the arbitrator's decision.  *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 4 (2013); 5 C.F.R. § 1201.155(b).  The appellant bears the burden of proof regarding the timeliness of her filing.  5 C.F.R.

§ 1201.56(b)(2)(i)(B). The Board will dismiss an untimely request unless the appellant establishes good cause for the delayed filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 5. To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.*; *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

Accepting as true the appellant's assertion that she did not receive the arbitration decision until July 25, 2023, RFR File, Tab 1 at 3, 5, which is more than 5 days after its issuance, her request for review was due 30 days later, by August 24, 2023. 5 C.F.R. § 1201.155(b). Her request for review is therefore untimely by 2 days.

To the extent the appellant asserts that the arbitrator did not notify her of right to appeal the arbitration decision to the Board, we find that she has not established good cause for her delayed filing. RFR File, Tab 1 at 5. Although an agency's failure to notify an employee of her Board appeal rights when such notification is required generally constitutes good cause for late filing, *Kirkland*, 119 M.S.P.R. 74, ¶ 6, the Board has clarified that its regulations do not require arbitrators to notify appellants of their appeal rights, 5 C.F.R. § 1201.21(d) (requiring agencies to provide employees with notice of certain appeal rights); *see McCurn v. Department of Defense*, 119 M.S.P.R. 226, ¶ 11 n.6 (2013) (stating that the Board's regulations do not impose a requirement on arbitrators to notify employees of appeal rights). In the absence of a clear allegation by the appellant that the agency, as opposed to the arbitrator, failed to provide her with notice of her right to appeal an arbitration decision to the Board, and because the appellant did not file a copy of the agency's decision letter as directed by the Clerk in its acknowledgment order, we find that she has not established that she acted with due diligence and ordinary prudence in filing her request for review after receiving the arbitration decision. RFR File, Tab 3 at 1-2 (ordering the appellant to file a copy of the agency's removal decision and warning that failure to comply

with the order could result in dismissal of the request for review). To the extent the appellant alleges that her union representative's failure to notify her of her right to request review of the arbitration decision with the Board is the cause of her untimeliness, RFR File, Tab 1 at 5, it is well settled that an appellant is responsible for the errors of her chosen representative, *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981); *see Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶ 11 (2008) (holding that the failure of the appellant's attorney to timely file a petition for review does not constitute good cause for an untimely filing). We have considered the appellant's remaining arguments in her request for review and find that they do not warrant a different result. RFR File, Tab 1 at 5.

Accordingly, we dismiss the appellant's request for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the appellant's request for review of the arbitration decision.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx



*Gina K. Grippando*

FOR THE BOARD:  _____
                Gina K. Grippando
                Clerk of the Board

Washington, D.C.